# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KARI BOSWORTH, | ) | CASE NO.: 1:20-cv-02691 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Kari Bosworth to the Report and Recommendation ("R&R") of the Magistrate Judge. On December 1, 2021, the Magistrate Judge issued her R&R in this matter recommending that the Court affirm the Commissioner. On December 15, 2021, Bosworth objected to the R&R. On December 29, 2021, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence

in the record that would have supported an opposite conclusion." *Id.*

Bosworth objects to the Magistrate Judge's review of the ALJ's analysis and determination that she did not meet the listing for anxiety and obsessive-compulsive disorders. Doc. 15 at PageID#700. Bosworth argues that the evidence supports a conclusion that she met the "C" criteria for Listing 12.06, thus the ALJ erred in concluding otherwise. The R&R concludes that while the ALJ erred in his reasoning that Bosworth did not meet the criteria listed in C1, the error was not reversible because the ALJ properly concluded that Bosworth did not meet the criteria listed in C2. Doc. 15 at 9.

Regarding the C2 criteria, the R&R concludes that the ALJ properly determined that the evidence failed to demonstrate that Bosworth received only marginal adjustment from her therapy. To establish the C2 criteria that she has "minimal capacity to adapt to changes in [her]environment or to demands that are not already part of [her] daily life", Bosworth points to her own testimony and to Drs. Hellwig's, Baishnab's, and Ormsby's records. Doc. 16, PageID# 702. Addressing this argument, the R&R explains that

> The ALJ relied on the medical record and Claimant's daily activities to support his conclusion that Claimant is able to function outside her home. The fact that Claimant can drive, grocery shop, and attend her daughter's recitals and church provides substantial evidence for the ALJ's conclusion. Claimant does not appear to contradict this. She simply states that this evidence "should not be sufficient to overcome the overwhelming evidence" that supports her argument. Claimant misunderstands the Court's role. The Court cannot reweigh the evidence. The Court considers only whether the ALJ applied the proper standards and supported his conclusions with substantial evidence. "[A] claimant does not establish a lack of substantial evidence by pointing to evidence of record that supports her position. Rather, [Claimant] must demonstrate that there is not sufficient evidence in the record that would allow a reasoning mind to accept the ALJ's conclusion." Greene v. Astrue, No. 1:10-cv-0414, 2010 WL 5021033, at *4 (N.D. Ohio Dec. 3, 2010). Claimant did not demonstrate that there was not sufficient evidence in the record to accept the ALJ's conclusion but simply listed evidence that supported her position. Thus, Claimant's first argument is without merit.

Doc. 15 at 10.

In her objection, Bosworth similarly fails to demonstrate that there was not sufficient evidence in the record to support the ALJ's conclusion and instead points to evidence to support her position. Accordingly, the R&R did not err when it found the ALJ did not commit reversible error in determining Bosworth did not meet the criteria for Listing 12.06.

Bosworth next objects to the R&R's conclusion that the ALJ properly evaluated her symptoms pursuant to SSR 16-3p. Bosworth argues that the ALJ's analysis was flawed and not supported by substantial evidence. In resolving this argument, the R&R explains that

> The ALJ's decision is supported by substantial evidence. The Court first notes that the ALJ did consider Claimant's subjective allegations and concluded that they required certain limitations. The ALJ ultimately determined, however, that the other factors listed in SSR 16-3p were inconsistent with a finding of total disability. The ALJ started with Claimant's daily activities, reasoning that they supported his RFC. Indeed, Claimant homeschools her 5- and 12-year-olds, drives the 12-year-old to a coop on Fridays that is 20 minutes away, grocery shops, and helps take care of her children, herself, and their dog when necessary. The ALJ reasonably determined that these activities are inconsistent with total disability. Additionally, the ALJ found that Claimant's admitted improvement with increased medication and conservative treatment were inconsistent with her allegations. *See Dunn v. Comm'r of Soc. Sec.*, No. 1:15-cv-176, 2016 WL 4194131, at *9–10 (S.D. Ohio July 15, 2016) (considering effective treatment inconsistent with claimant's allegations of pain). Because both her improvement with treatment and daily activities were inconsistent with Claimant's subjective allegations, the ALJ was free to determine that Claimant's symptoms are less likely to reduce her capacity to perform work-related activities. The Court is, therefore, satisfied that the ALJ properly discharged his duties under 20 C.F.R. § 404.1529(c) and SSR 16-3p and his conclusion was supported by substantial evidence.

The R&R further notes that Bosworth's argument would require the Court to re-weigh the evidence, which this Court cannot do. Doc. 15 at 14. Bosworth fails to demonstrate that the ALJ failed to apply the proper standard or support his findings with substantial evidence and instead only points to evidence to support her position. Accordingly, the R&R did not err when it found that the ALJ did not err in considering the factors listed in SSR-16.

For the reasons stated above, Bosworth's objections are OVERRULED. The R&R is

ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Dated: January 26, 2022 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE